UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x

Helga Varnelo,

    Plaintiff,                     02 CV 2084 (KMW)(AJP)

    -v-                            ORDER

Eastwind Transport Ltd, et al.,

    Defendants.
--------------------------------------x

WOOD, U.S.D.J.:

    On April 17, 2006, this Court granted, by memo endorsement, leave for plaintiff to refile this case, which was previously dismissed on the ground of forum non conveniens by an order that adopted a Report and Recommendation issued by Magistrate Judge Peck. The Court granted leave to refile based on representations by plaintiff that plaintiff had made a good faith effort to pursue this case in Russia, but that defendants had not consented to suit, and that defendants' failure to consent to suit violated the terms of the dismissal, such that plaintiff should be permitted to reopen the case. The Court then entered an order on April 24, 2006, that vacated the April 17, 2006 memo endorsement and denied leave to refile.

    To dispel the recent confusion, some background explanation is necessary. According to the Docket Sheet, on February 3, 2003, Magistrate Judge Peck issued a Report and Recommendation that the case be dismissed on the ground of forum non

1

conveniens.[1]  After Magistrate Judge Peck issued this recommendation, plaintiff objected, and in so doing made various submissions to the Court that indicated that plaintiff had attempted (after the Magistrate Judge's report) to file the suit in Russia, but had been unsuccessful.  See Order of February 19, 2004 at 2.  Therefore on January 20, 2004, the Court re-referred the matter to Magistrate Judge Peck for his recommendation as to whether the plaintiff's filings in Russia should have any effect on his February 3, 2003 Report and Recommendation.  Id. at 2.  Judge Peck then issued a Supplemental Report and Recommendation on January 23, 2004 again recommending dismissal.  The Court, on February 19, 2004, adopted the Recommendation in full, and dismissed the case "without prejudice, conditioned on defendants' execution and filing of consent to suit in Russia, waiver of any statute of limitations defense, and agreement to make defendants' witnesses available in Russia."  Id. at 5.

Subsequently, in or around Summer 2004, Plaintiff sought to refile this action.  On August 17, 2004, the Court referred the case back to Magistrate Judge Peck for a determination of whether the plaintiff should be permitted to refile.  On August 19, 2004, Magistrate Judge Peck issued a Report and Recommendation that the case not be reopened.  Moreover, he stressed that "the case was

---

[1]The Court's February 19, 2004 order erroneously says that this Report was issued on February 3, 2004.

dismissed in February 2004. The Court should now make clear to plaintiff's counsel that whatever happens in the Russian courts, the case is closed with finality and will not be reopened." Report and Recommendation of August 19, 2004, at 2. On August 30, 2004, Plaintiffs timely objected.

Due to an oversight by this Court, the Report and Recommendation of August 19, 2004 was never adopted or rejected. The Court has considered de novo those portions of that Report to which the plaintiff objects. Specifically, plaintiff contended that defendants were invited to participate in suit in a Russian court, and did not participate. In the August 19, 2004 Report, the Magistrate Judge considered this argument, and disagreed with that contention; he concluded on the record before him that plaintiff had "once again gone to the Russian court ex parte. . . without defendants' participation, in such a manner that it would be more likely that the Russian court would dismiss it." The Court agrees. All of plaintiff's objections are simply reiterations of arguments already thoroughly considered by the Report and Recommendation. Having reviewed these issues de novo, the Court concludes that the Report and Recommendation of August 19, 2004 should be, and hereby is, adopted in full.

On April 10, 2006, plaintiff contacted the Court seeking to refile suit. Plaintiff stated that "it has recently come to our attention that defendants have violated an express condition of

the subject dismissal." See April 10, 2006 Letter of Paul S. Edelman. Plaintiff makes no mention of the prior consideration of this issue by the Court, nor of the Report and Recommendation by Magistrate Judge Peck. The Plaintiff attaches a copy of the decision of the Russian Court, which led to the motion to refile in summer of 2004. Plaintiff also attaches what appear to be printouts of emails with co-counsel detailing difficulties serving the defendants in Greece.

The Court finds plaintiff's letter unpersuasive and unacceptable; clearly, plaintiff was or should have been aware of the outstanding Report and should have brought it to the Court's attention. To state that plaintiff only recently became aware that defendant had violated the conditions of the February 2004 dismissal, when in fact plaintiff made a motion based on that very ground almost two years ago, is a gross misrepresentation of the facts. Moreover, the letter offers no new information that leads this Court to reconsider its conclusion that the August 19, 2004 Report should be adopted in full and that leave to refile should be denied.

Relying on plaintiff's misrepresentations, the Court issued its memo endorsed order of April 17, 2006, stating that plaintiff could refile. The Court was then alerted by Magistrate Judge Peck to his August 19, 2004 Report. As a result the Court issued its order of April 24, 2006, withdrawing that order and denying

4

leave to refile. Since that order was entered, the Court received a letter from plaintiff asking for further explanation of the April 24, 2006 order. The Court believes this order will suffice to dispel any confusion.

To sum up, the Report and Recommendation dated August 19, 2004 is hereby adopted in full; the Summer 2004 motion to refile is thus denied; the plaintiff's renewed motion of April 10, 2006 to refile was denied by this Court's April 24, 2006 order.

The Court has received a request from defendants that sanctions be imposed on plaintiff. The Court is referring that determination to Magistrate Judge Peck.

SO ORDERED.

Dated:   New York, New York
         May 10, 2006

                                        /s/ Kimba M. Wood
                                        Kimba M. Wood
                                        United States District Judge